# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KEITH DARNELL TAYLOR,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 1:25-cv-00686 |
| - vs - |  | District Judge Douglas R. Cole |
|  |  | Magistrate Judge Michael R. Merz |
| TIM SHOOP, WARDEN, Ross Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

# REPORT AND RECOMMENDATIONS

This habeas corpus action, brought Petitioner Keith Taylor with the assistance of counsel, is before the Court for decision on the merits on the Amended Petition (ECF No. 6), the State Court Record (ECF No. 8), and Respondent's Return of Writ (ECF No. 9).  Although the Court set a date in the Order for Answer for Petitioner to file a reply, no reply has been filed, making the case ripe for decision on the pleadings already filed.

**Litigation History**

On April 6, 2023, the Muskingum County Grand Jury handed down an indictment charging Petitioner in forty-five counts with various theft-related offenses (Indictment, State Court Record (ECF No. 8, Ex. 1). Pursuant to a negotiated plea, he pled guilty to engaging in a pattern of corrupt

1

activity with a firearm specification in violation of Ohio Revised Code § 2923.32(A)(1), 2941.141(A), four counts of theft in violation of Ohio Revised Code § 2913.02(A)(1)and (3), four counts of identity fraud in violation of Ohio Revised Code § 2913.49(B)(1), one count of felonious assault with a firearm specification in violation of Ohio Revised Code § 2903.11(A)(1), and one count of grand theft of a motor vehicle in violation of Ohio Revised Code § 2913.02(A)(3); the remaining charges were dismissed.  He was sentenced to 21.5 to 26 years imprisonment.

Taylor appealed raising two assignments of error under Ohio law (Appellant Brief, State Court Record, ECF No. 8, Ex. 9).  The Ohio Fifth District Court of Appeals affirmed. *Id.* at Ex. 10.  The Ohio Supreme Court granted leave for a delayed appeal but then declined to exercise jurisdiction. *Id.* at Exs. 13, 15.

On April 18, 2024, Taylor, *pro se*, filed an App. R. 26(B) application for reopening his direct appeal to raise the following four claims of ineffective assistance of appellate counsel. (State Court Record, ECF No. 8, Exhibit 16). Taylor claims his appellate counsel was ineffective for failing to raise the following four issues on appeal:

1. The Appellant's Guilty Pleas Were Unknowingly, Unintelligently, and Involuntary Made.

2. The Trial Court Erred to the Prejudice of the Appellant's Substantial Rights by Sentencing the Appellant to Multiple Prison Terms Based Upon Allied Offenses of Similar Import.

3.  The Trial Court Erred to the Prejudice of the Appellant's Substantial Rights by Imposing an Aggregate Sentence Much Greater than, and Not Proportional to, Sentences Imposed in Similar Cases; and by Imposing Consecutive Sentences Without Proper Findings.

4. The Trial Court Erred to the Prejudice of the Appellant's Substantial Rights by Allowing the Appellant's Guilty Pleas to Be Accepted by Judge Cottrell, and the Sentence to be Imposed by Judge Fleagle, where Judge Cottrell was Not Disqualified or

2

> Otherwise Unable to Continue to Perform His Duties in the
> Case.

(Application, State Court Record, ECF No. 8, Ex. 16).

The Fifth District Court of Appeals denied Taylor's 26(B) Application.  *Id.* at Ex. 18.  As to the first omitted assignment of error, Taylor claimed he had been promised during plea negotiations a sentence of six to twelve years. *Id.* at PageID 240.  The Fifth District found instead:

> The record affirmatively demonstrates at the time Appellant entered his plea of guilty, he understood the State would make no recommendation as to sentencing, and both the State and defense counsel would argue for the sentence they felt was appropriate. When he claimed at sentencing he was promised a sentence of six to twelve years, his counsel represented to the court Appellant's representation was not accurate.

*Id.* at PageID 242.  The Fifth District then ruled Taylor's first omitted assignment of error was without merit.  In other words, it was not ineffective assistance of appellate counsel to fail to raise the asserted invalidity of the plea on direct appeal because the plea was in fact valid.  The Fifth District further held the parties had stipulated in the plea agreement that the offenses of conviction did not merge under Ohio Revised Code § 2941.25 so that it was not ineffective assistance of appellate counsel to fail to raise that claim.  *Id.* at PageID 245.

The Fifth District also rejected Taylor's claim of disproportionality and failure to make necessary findings for consecutive sentencing. *Id.* at PageID 251,  As to the change-of-judge claim, the Fifth District noted that there had been no contemporaneous objection and thus direct review would have been for plain error, which it did not find.  *Id.* at PageID 253.  Taylor did not appeal this decision to the Ohio Supreme Court.

However, on September 30, 2024, Taylor filed a Motion to Set Aside the Judgment and Permit him to Withdraw his Guilty Plea (State Court Record, ECF No. 8, Ex. 19).  The Motion was summarily denied. *Id.* at Ex. 23.  Taylor's appeal was dismissed for want of prosecution. *Id.*

at Ex. 25. Represented by the same attorney who represents him in this Court, Taylor filed a

Petition for Writ of Habeas Corpus in the Fifth District. *Id.* at Ex. 26. That Court then dismissed

for lack of jurisdiction. *Id.* at Ex. 27. On September 18, 2025, Taylor filed his habeas corpus

petition in this Court (ECF No. 1). The undersigned ordered the Petition amended to comply with

Habeas Rule 2 and counsel did so on September 30, 2025 (ECF No. 3). The Petition was again

amended to comply with S. D. Ohio Civ. R. 5.1 (ECF No. 6) and pleads the following grounds for

relief:

> **Ground One:** The decisions of the Ohio courts denying relief upon claims of ineffective assistance of trial counsel were in error, as counsel failed to insure valid guilty pleas were entered.
>
> **Supporting Facts:** At sentencing, the Petitioner expressed confusion as to why he was not receiving sentence of between six and twelve years incarceration, as had originally been offered by the State during plea negotiations. Counsel informed the court that this representation was not correct. Further, the Petitioner, unaware that his offenses of conviction would not be considered offenses of allied import. entered a plea unaware of the consequences of such an action, and in contravention of what he would have otherwise done.
>
> **Ground Two:** The decisions of the Ohio courts denying relief upon claims of ineffective assistance appellate counsel [sic] were in error, as appellate counsel failed to raise claims regarding trial counsel's ineffectiveness.
>
> **Supporting Facts:** Appellate counsel failed to raise claims #1, as put forth above, despite the fact that the facts upon which the claim based are largely on the record. Instead of raising the above claims, appellate counsel raised sentencing claims that rested centered entirely upon the discretion of the lower court.

(Amended Petition, ECF No. 6).

# Analysis

Respondent asserts both Grounds for Relief are procedurally defaulted (Return of Writ, ECF No. 9, PageID 456).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for

> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine. See *McCleskey v.
> Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that

were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing

*Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v.

Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786

F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
>                             . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

6

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).   A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

**Ground One:  Invalid Guilty Plea**

Taylor's First Ground for Relief – that his guilty plea was invalid both with respect to length of sentence and as to failure to merge allied offenses – is based on facts which were available in the direct appeal record.

Ohio has a relevant procedural rule:  trial court error claims which can be adjudicated on direct appeal must be presented there or they are barred from later consideration by *res judicata* doctrine.

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.).  *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970).

Taylor first raised his claim that his plea was invalid when he asserted in his App. R. 26(B) Application that it was ineffective assistance of appellate counsel to fail to raise this claim on direct appeal.  However, the Fifth District did not enforce the *res judicata* doctrine.  Instead, it held there would have been no merit to the underlying claim and therefore it was not ineffective assistance

of appellate counsel to fail to raise it.

Claims of ineffective assistance of counsel at both the trial and appellate levels are to be evaluated by the standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption

8

that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

In this case the Fifth District decided on the merits that Taylor did not received ineffective assistance of appellate counsel when his appellate attorney failed to raise the claim that his guilty plea was invalid because the plea was not invalid. That decision is entitled to deference because it cannot be ineffective assistance to fail to raise a meritless assignment of error. Petitioner's First Ground for Relief should be dismissed on the merits.

**Ground Two:  Ineffective Assistance Of Appellate Counsel**

Ground Two should be dismissed with prejudice on the same basis as Ground One:  it cannot be ineffective assistance of appellate counsel to fail to plead assignments of error which are without merit as the Fifth District has held the proposed omitted assignments in this case would have been.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 2, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.